NO. 07-05-0255-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 23, 2006



______________________________




SHETAGA D. JOHNSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-408106; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Shetaga D. Johnson was convicted by a jury
of possession of cocaine with intent to deliver. Punishment was assessed at 45 years
confinement. In presenting this appeal, counsel has filed an Anders (1) brief in support of a
motion to withdraw. We grant counsel's motion and affirm.

 In support of her motion to withdraw, counsel certifies she has diligently reviewed
the record and, in her opinion, the record reflects no reversible error upon which an appeal
can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, she concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown she sent a
copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is
without merit. In addition, counsel has demonstrated that she notified appellant of her right
to review the record and file a pro se response if she desired to do so. Appellant did not
file a response. Neither did the State favor us with a brief.

 Pursuant to a tip that appellant was selling narcotics from her residence, law
enforcement officers, assisted by a confidential informant, arranged four different buy/walk
operations over a three week period. (2) The transactions were recorded by an audio
transmitter worn by the informant, and visual surveillance was conducted by officers. After
the fourth buy, a search warrant was obtained and executed. Cocaine and other evidence
indicating intent to deliver cocaine was discovered.

 By the Anders brief, counsel presents two arguable points of error, to-wit: (1) the trial
court erred in admitting evidence of extraneous offenses, and (2) trial counsel provided
ineffective assistance of counsel. After discussing the potential grounds, counsel concedes
no reversible error is presented.

 At a pretrial hearing, Officer Darrin Opaitz, Corporal Joe Neinest, and a confidential
informant testified about four buys made by the informant from appellant's residence prior
to execution of the search warrant. The evidence established that on one occasion, a
juvenile sold the informant narcotics and that another female, Mary Baker, was also present
during the transactions. However, the evidence also showed that all transactions were
completed at appellant's residence while she was present and at her direction. 

 The State requested admission of the extraneous offenses to show appellant's
knowledge, intent, identity, and common scheme or plan. See Tex. R. Evid. 404(b). 
Defense counsel objected that the extraneous offenses constituted separate offenses that
were irrelevant to the charged offense. He requested that the trial court exclude them
under Rule 403 of the Texas Rules of Evidence. Despite counsel's objections, the trial
court found that the danger of unfair prejudice of the extraneous offenses did not
substantially outweigh the probative value and admitted them.

 A trial court's evidentiary rulings are reviewed for abuse of discretion. Martin v.
State, 173 S.W.3d 463, 467 (Tex.Cr.App. 2005) ( citing Sauceda v. State, 129 S.W.3d 116,
120 (Tex.Cr.App. 2004)). Rule 404(b) of the Texas Rules of Evidence provides that
evidence of other crimes, wrongs, or acts is inadmissible to prove the character of the
accused in order to show that he acted in conformity therewith on a particular occasion. 
Tex. R. Evid. 404(b); Abdnor v. State, 871 S.W.2d 726, 738 (Tex.Cr.App. 1994). The rule
further provides however, that evidence of other crimes, wrongs, or acts may be admissible
for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake. Tex. R. Evid. 404(b). 

 Extraneous offense evidence is admissible if it is relevant to a fact of consequence
in the case apart from its tendency to prove conduct in conformity with character and if its
probative value is not substantially outweighed by unfair prejudice. Martin, 173 S.W.3d at
467. We will uphold a trial court's ruling as long as it is within the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990) (on reh'g). 

 The relevant criteria in determining whether the prejudice of an extraneous offense
outweighs its probative value include:

 (1) how compellingly the extraneous offense evidence serves to make a fact
of consequence more or less probable--a factor which is related to the
strength of the evidence presented by the proponent to show the defendant
in fact committed the extraneous offense;


 (2) the potential the other offense evidence has to impress the jury "in some
irrational but nevertheless indelible way";


 (3) the time the proponent will need to develop the evidence, during which
the jury will be distracted from consideration of the indicted offense;


 (4) the force of the proponent's need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an issue
in dispute.



Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Cr.App. 2000).

 Officer Opaitz testified that to obtain a search warrant based on a tip, it is sometimes
necessary to conduct an investigation and build a case. The use of an informant or an
undercover officer in making controlled buys accomplishes that objective. The fact that four
extraneous transactions were introduced assisted the State as the proponent of the
evidence to prove a fact of consequence-appellant was directing the sale of cocaine even
though one sale was completed by a juvenile, and another adult female was involved in
some of the transactions. 

 The State dedicated a significant amount of time to developing evidence of the
extraneous offenses; however, the offenses were not distracting to the jury. The evidence
assisted the jury in establishing appellant's motive, intent, preparation, plan, and knowledge
in distributing cocaine. "An offense is not tried in a vacuum," and a jury is entitled to know
all relevant surrounding facts and circumstances of the charged offense. Id. at 25 (citing
Moreno v. State, 721 S.W.2d 295, 301 (Tex.Cr.App. 1986)). Additionally, same transaction
contextual evidence may be admissible where several offense are so intertwined or
connected that they "form an indivisible criminal transaction . . . ." Rogers v. State, 853
S.W.2d 29, 33 (Tex.Cr.App. 1993). 

 Evidence of the four extraneous buys was not introduced to prove appellant's
character or that she acted in conformity therewith. The State was attempting to show that
she was a street level dealer in a hierarchy. We agree with counsel that the trial court's
ruling in admitting the extraneous offenses was within the zone of reasonable disagreement
and will not disturb its decision.

 Counsel's second arguable ground is directed at ineffective assistance of counsel. 
Ineffectiveness is reviewed under the standard set out in Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a defendant must
establish that (1) counsel's performance was deficient (i.e., fell below an objective standard
of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different, a reasonable
probability being a probability sufficient to undermine confidence in the outcome. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); see also Hernandez v. State, 726
S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant must demonstrate by a
preponderance of the evidence that the deficient performance prejudiced his defense. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002); Thompson v. State, 9 S.W.3d
808, 813 (Tex.Cr.App. 1999). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Thompson, 9 S.W.3d
at 814 (citing Strickland, 466 U.S. at 700).

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. See Andrews v.
State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005); Bone v. State, 77 S.W.3d 828, 833
(Tex.Cr.App. 2002). To defeat the presumption of reasonable professional assistance,
any allegation of ineffectiveness must be firmly founded in the record. Thompson, 9
S.W.3d at 813-14. 

 Defense counsel filed numerous pretrial motions which were granted. At the pretrial
hearing on admissibility of extraneous offenses, defense counsel conducted effective
cross-examination of the witnesses and lodged objections pursuant to Rules 404(b) and
403 of the Texas Rules of Evidence. Counsel also challenged the relevance of the
extraneous offenses as being separate transactions unrelated to the elements of the
charged offense. During the trial on the merits he vigorously cross-examined the
witnesses, attempted to discredit the confidential informant, and tried to show the narcotics
belonged to another female who was present during the buys by the confidential informant. 
Counsel also made pertinent objections throughout the trial. Based on the record before
us, counsel's performance fell within the wide range of reasonable and professional
representation defeating any potential claim of ineffectiveness.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with
counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974);
Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. According to a police officer, a buy/walk transaction involves the use of an informant
or undercover officer to purchase narcotics from a street-level dealer.



t 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00086-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
29, 2011

 



 

BRENDA LEE LEATHERWOOD, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 194TH DISTRICT COURT OF
DALLAS COUNTY;

 

NO. F-0634407-M; HONORABLE ERNEST B. WHITE, JUDGE



 



 

Before CAMPBELL  and HANCOCK, JJ. and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Counsel for appellant Brenda Lee
Leatherman filed a motion to withdraw appeal. 
In a signed attachment, appellant states that she wishes to withdraw the
appeal.  We find the motion and
attachment collectively meet the requirement of Rule of Appellate Procedure
42.2(a) that appellant and her attorney must sign a motion to dismiss the
appeal.  Tex. R. App.
P. 42.2(a).

 

No decision of this court having been
delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. 
No motion for rehearing will be entertained and our mandate will issue
forthwith.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.